O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RONALD SUSCHANK, | ) | Case No. CV 11-3620-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ronald Suschank seeks judicial review of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons discussed below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

//

//

//

**I. Factual and Procedural History**

Plaintiff was born on November 10, 1961. (Administrative Record ("AR") at 38.) He has a high school education and has work experience as a sheet metal fabricator and maintenance worker. (AR at 121, 125.) Plaintiff filed an application for DIB and SSI benefits on August 16, 2004, alleging that he had been disabled since July 1, 2002, due to a heart condition, seizures, lung and breathing problems and hernia/testicle surgeries. (AR at 120.) Plaintiff's application was denied initially on March 15, 2005 and upon reconsideration on May 19, 2005. (AR at 43-47, 52-56.)

An administrative hearing was held on October 4, 2006 before Administrative Law Judge ("ALJ") Peggy M. Zirlin. (AR at 345-371.) ALJ Zirlin issued an unfavorable decision on October 24, 2006. (AR at 12-30.) Upon the stipulation of the parties, the matter was remanded to the ALJ on April 25, 2008. (AR at 410-417.) A second administrative hearing was held on July 1, 2009. (AR at 530-540.)

On August 27, 2009, ALJ Zirlin again denied Plaintiff's applications for benefits. (AR at 378-404.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. (AR at 400.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: status post myocardial infarction with stent placement in 2000, early onset arteriorsclerotic cardiovascular disease, status post bilateral inguinal hernias, recurrent cysts in the testicles with multiple surgical treatment, seizure disorder, obesity, and chronic bronchitis secondary to cigarette smoking. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the impairments listed in 20 C.F.R., Part

404, Subpart P, Appendix 1. (AR 17.)

The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light/sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: "lift and carry less than 5 pounds frequently and occasionally, stand and walk 6/8 hours, sit 6/8 hours, occasionally climb, balance, stoop, kneel, crouch and crawl and no exposure to unprotected heights or hazardous machinery. Given the smoking history and his lung testing, I also find that he should avoid concentrated exposure to fumes, odors, dusts, gasses and poor ventilation." (AR at 400-401.)

The ALJ found that Plaintiff was unable to perform his past relevant work as a sheet metal fabricator and maintenance worker. (AR at 403.) However, the ALJ further found, based on the vocational expert's ("VE") testimony at the first administrative hearing, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as assembler, reception/information clerk, cashier II and information clerk. (AR at 404.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Id.)

On February 28, 2011, the Appeals Council denied review (AR at 372-374), and Plaintiff timely commenced this action for judicial review. On May 11, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred at step 5 of the sequential evaluation by finding that Plaintiff could perform the jobs of assembler, reception/information clerk, cashier II and information clerk. (Joint Stip. at 3.) Plaintiff asks the Court to reverse and award benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 19.) The Commissioner

requests that the ALJ's decision be affirmed. (Joint Stip. at 20.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

Plaintiff contends that the ALJ improperly relied upon the VE's testimony that Plaintiff could perform the identified jobs because those jobs, as defined by the Dictionary of Occupational Titles ("DOT"), require lifting a greater amount of weight than the ALJ found Plaintiff capable of lifting in the ALJ's assessment of Plaintiff's RFC. (Joint

1  Stip. at 4.) The ALJ based her conclusion that Plaintiff could perform
2  a significant number of jobs in the economy on the testimony of the VE.
3  (AR at 366-367.)
4       At the administrative hearing, the ALJ posed the following
5  hypothetical question to the VE, preceded by a caveat:

> [A]ny job you identify in any hypothetical must be consistent
> with the job as it is described in the DOT. If there is any
> difference, you must explain the discrepancy or reason for the
> discrepancy and your source of information. Please assume the
> existence of an individual who is the same age as the
> Claimant, who has the same educational background, and the
> same past work experience. Assume further this individual can,
> as indicated, in Exhibits 5F and 6F, lift and carry up to five
> pounds frequently and occasionally, stand and/or walk about
> six hours in an eight-hour workday, sit about six hours in an
> eight-hour workday both with normal breaks. Occasional
> climbing, balancing, stooping, kneeling, crouching and
> crawling. Avoid all exposure to unprotected heights and
> hazardous machinery. Would such an individual be able to do
> the past work?

21 (AR at 366.)
22      The VE responded that Plaintiff would not be able to perform his
23 past relevant work but concluded that Plaintiff would be able to
24 perform several jobs in the national economy, including the sedentary
25 jobs of assembler (DOT 734.687-018) and reception/information clerk
26 (DOT 237.367-046) and the light jobs of cashier II (DOT 211.462-010)
27 and information clerk (DOT 237.367-018). (AR at 366-367.)
28 //

Plaintiff corrrectly claims that the VE's testimony is inconsistent with the DOT.[1] However, the ALJ questioned the VE about the apparent inconsistency between the VE's testimony and the DOT. When the VE was questioned regarding whether the two light jobs require lifting at least ten pounds, the VE stated, "[T]he jobs that I am providing in the light duty while they are considered light duty, they are also jobs that intrinsically do not require much in the way of any lifting and carrying and certainly would be well within the five pound limitation." (AR at 367.) Similarly, when the ALJ asked whether the two sedentary jobs require lifting up to ten pounds, the VE replied, "No, that would be – while the Dictionary of Occupational Titles say [sic] that you may lift up to 10 pounds, the vast majority of jobs that are considered sedentary do not require any lifting whatsoever, Your Honor." (Id.)

Although evidence provided by a VE is generally expected to be consistent with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." Social Security Ruling ("SSR") 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Rather, the DOT raises a rebuttable presumption as to a job classification, and "[a]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi*, 486 F.3d at 1153 (when a conflict between a VE's testimony and the DOT arises, the ALJ must make an

---

[1] Plaintiff also claims that the ALJ erred in relying on the VE testimony from the 2006 hearing. However, Plaintiff has failed to demonstrate that this was legal error or that circumstances had changed between the hearings that would have let to a different result had a VE testified at the 2009 hearing.

inquiry with the VE and then determine whether the VE's "explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]").

Here, the ALJ specifically questioned the VE about whether any of the requirements of the four jobs identified by the VE conflicted with the DOT. (AR at 366.) The VE explained the deviation, noting that although the DOT classified the jobs as requiring lifting more than five pounds, the jobs he identified involved very little lifting in actual practice, a conclusion based upon his expert knowledge of the specific characteristics and requirements of each of these jobs. (AR at 366, 367.) *See Johnson*, 60 F.3d at 1435 ("Introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even though the job traits may vary from the way the job title is classified in the DOT.") The ALJ was entitled to rely on the VE's expertise and persuasive testimony in deviating from the DOT. *See Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982) (essential role of a VE is to "translate[] factual scenarios into realistic job market probabilities"). There was no error.

Plaintiff also claims that because of his limitation to lifting less than five pounds, the VE should have further eroded the number of jobs available in response to the ALJ's hypothetical question. (Joint Stip. at 9.) The VE noted the number of jobs available in the local and national economy: (1) assembler with 2,800 jobs locally and 67,000 jobs nationally; (2) reception/information clerk with 6,500 jobs locally and 102,000 jobs nationally; (3) information clerk with 550 jobs locally and 10,100 jobs nationally; and (4) cashier II with 21,200 jobs locally and 500,000 jobs nationally (eroded 50% by the VE due to the RFC's

limitation to no concentrated exposure to fumes, odors, dusts, gasses or poor ventilation). (AR at 366, 367.)

As discussed above, the VE explained the deviation from the DOT, explaining that the jobs he identified involved lifting little, if any, weight. Therefore, there was no need for the VE to erode those jobs to accommodate Plaintiff's limitation of lifting less than five pounds because those jobs in practice do not require lifting any greater weight. However, even assuming without deciding that the VE should have further eroded the job base, there were still significant numbers of jobs that Plaintiff could perform in the local and national economy. *See, e.g., Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding that 2,300 jobs in San Diego County constitutes a significant number within the region so as to meet the requirements of 42 U.S.C. § 423(d)(2)(A)); *Barker v. Secretary*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (finding that 1,266 jobs in the Los Angeles/Orange County area constitutes a significant number); *but see Beltran v. Astrue*, --- F.3d ---, 2012 WL 1526257 at *3 (9th Cir. May 2, 2012)(finding 135 jobs regionally and 1,680 jobs nationally not to be a significant number). Thus, any possible error was harmless, *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), and the ALJ properly deferred to the VE in determining the existence and number of jobs that Plaintiff could perform.

Accordingly, the ALJ's finding at step five of the sequential process that Plaintiff is capable of performing other substantial gainful activity is supported by substantial evidence in the record, and Plaintiff is not entitled to relief.

//

//

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

DATED: May 22, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge