O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RONALD SUSCHANK, | Case No. CV 11-3620-MLG |
| Plaintiff, | ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

On May 22, 2012, this Court entered an order and judgment dismissing Plaintiff's complaint for judicial review of the Commissioner's final decision denying Plaintiff's applications for Social Security Disability Benefits and Supplemental Security Income Benefits. On June 11, 2012, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Defendant filed an opposition on June 18, 2012.

Rule 59(e) permits a court to reconsider and amend a previous order. However the rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 944 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice 59.30[4] (3d ed. 2000)).  A motion for reconsideration under Rule 59(e) should

not be granted unless the court is presented with new evidence, the movant demonstrates that the judgment was based on a clear error of law or fact, or there has been an intervening change in controlling law. *Id.; see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*.

The administrative hearing under review in this case was held in August 2009. In the joint stipulation outlining the disputed issues in this case, the thrust of Plaintiff's argument was that the ALJ erred at step 5 of the sequential evaluation process because the VE's testimony was inconsistent with the Dictionary of Occupational Titles. Plaintiff now claims that the Court erred in not reversing the Commissioner's decision because the Administrative Law Judge relied on vocational expert testimony from a 2006 hearing in finding that there were a significant number of jobs that Plaintiff could perform in the national economy. Plaintiff claims that because of the significant downturn in the economy between 2006 and 2009, the ALJ erred in relying on the VE testimony from 2006.

As to the argument presented here, the entirety of Plaintiff's argument in the joint stipulation was as follows: "First, there was no vocational advisor at the remand hearing taking place on July 1, 2009. The ALJ is actually relying on vocational advisor testimony from the first hearing on October 4, 2006." (Page citations omitted). No legal argument was presented in support of this claim of error. In the memorandum opinion order dismissing the claim, the Court noted:

//

> Plaintiff also claims that the ALJ erred in relying on the VE testimony from the 2006 hearing. However, Plaintiff has failed to demonstrate that this was legal error or that circumstances had changed between the hearings that would have let to a different result had a VE testified at the 2009 hearing.

Memorandum Opinion and Order, p. 6, n.1.

Plaintiff seeks to re-characterize the argument that was only mentioned in passing in the first instance. Plaintiff now notes the downturn in the economy between 2006 and 2009, and claims that the ALJ violated Plaintiff's due process rights by not informing him that the VE testimony from 2006 would be utilized.

However, this argument could have and should have been presented when the case was at issue. Moreover, Plaintiff has failed to present any controlling authority which would prohibit an ALJ from considering VE testimony from a prior hearing. Plaintiff has presented no new evidence, and has made no showing of a clear error of law or fact, nor an intervening change in controlling law. Plaintiff simply seeks to expand on an argument that was not developed in the joint stipulation.

None of the extraordinary grounds required for granting a Rule 59(e) motion are alleged nor established in the motion. Relief is not warranted. Accordingly, the Motion to Alter or Amend Judgment is DENIED.

Dated: June 19, 2012

_____
Marc L. Goldman
United States Magistrate Judge